## TUTTLE *vs.* CATLIN.

If A. promise B. to pay him $150 for L. C. when he shall come of age, L. C. can
neither maintain an action on such contract, nor discharge it.

*Chittenden,*
July,
1821.

THIS was an action of *assumpsit,* on a receipt or contract in
writing, in the following words :—

Received of Thaddeus Tuttle one hundred and fifty dollars, to be
paid in obligations against some good man or men, to be on interest,
for Levi Coit when he comes of age, on account of said Tuttle.

    (Signed)               MOSES CATLIN.

On trial upon the general issue, the defendant offered in evidence
a discharge of the contract, executed by Levi Coit after he came of
age, which was rejected by the Judge, and the Jury returned a ver-
dict for the plaintiff. Exceptions were taken to the opinion of the
Judge and allowed by him; and at the present term the cause came
on to be heard upon the exceptions.

*Van Ness,* for the defendant. It is apparent that the promise
on which this action is founded was made for the sole benefit of Le-
vi Coit; and the person for whose benefit a contract is made may
maintain an action on the contract; he must therefore be compe-
tent to discharge the cause of action.—1 Com. on Con. 564. 1
Com. Digest, 206.

*Adams,* for the plaintiff. It seems not to be questioned in this
case, that the parties made a good and valid contract, and that

the plaintiff is entitled to recover, unless Coit had such a vested right in the contract, that he was competent to discharge it.

Coit was no party to the contract, nor did any part of the consideration pass from him, and no contract on the part of Catlin to pay to him. It would seem from an examination of the papers that the parties had in view the future interest of Coit : but whether he should receive any benefit from the contract, depended on the will of Tuttle. If there was any contract between Tuttle and Coit, and Tuttle was under obligation to pay him any thing, that contract may be enforced. If Tuttle was not under any obligation to Coit, but at the time intended this $150 as a gratuity, it ought to remain at his control. He did not then absolutely give it to him, and the circumstances of the parties may now render the execution of that intention improper. The situation of the parties may be such, as, either from the misconduct of Coit he ought not to receive it, or that superior obligation on the part of Tuttle to his own family may have rendered it improper that he should give it ; of this he must be the judge, and the law will not deprive him of this right.

Coit could not maintain an action upon this contract ; and, if he had no rights which he could enforce, he had none which he could discharge. To maintain a suit upon a contract, it must appear that the plaintiff was a party to the contract, or that the consideration for the promise moved from him. In this case, the consideration passed wholly from Tuttle. It does not appear that Coit had any interest in the $150, or any claim to it, except from the liberal intention of Tuttle. If a bond be executed to A. conditioned to pay a sum for the benefit of a third person, no action can be maintained in the name of such third person for the sum, and can be maintained in the name of A. only ; nor can such third person discharge the bond.—2 Day, 550.

It has been said, that a consignee of goods may maintain an action against a carrier for not delivering them ; but in such case the carrier has made an express contract to deliver the goods to the consignee. In this case Catlin entered into no contract to pay Coit, but to pay Tuttle.—Beside, the case of the carrier is governed by the law merchant, not by the common law.

*By the Court.* The words of the written contract on which this action is founded are, "Received of Thaddeus Tuttle $150 to be

*Chittenden,*
July,
1821.

*Tuttle*
*vs.*
*Catlin.*

paid in obligations against some good man or men, to be on interest, for Levi Coit, when he comes of age, on account of Thaddeus Tuttle." Tuttle and Catlin were the only parties to this contract : it does not appear that Coit had any knowledge of it. The sum of $150 which Catlin received of Tuttle must be taken to have been Tuttle's money, in consideration of which Catlin promised to pay the amount in obligations to Tuttle—not to Coit. In every contract a promise to pay or deliver property without naming the person to whom the payment is to be made, is a promise to pay to the person with whom the contract is made—his name is understood & supplied in construing the contract. Catlin was by the terms of the contract holden to pay to Tuttle within a reasonable time : he had not the whole time until Coit should come of age, within which to make the payment. The obligations were to be on interest, evidently with a view that the sum might accumulate in Tuttle's hands until Coit should come of age, for whose benefit Tuttle then intended it.

It is admitted that this contract has not been fulfilled by Catlin, that he has not paid or delivered the obligations to Tuttle, but the defendant relies on a discharge of the contract from Coit. To decide that this discharge cannot avail him, it is unnecessary to go into a critical examination of the law, relative to the maintenance of an action by a third person for whose benefit a promise is made. For even in the case of a contract made for the benefit of a third person, a relation, such third person cannot maintain an action on such contract, unless it appear that the person making the contract intended that he should receive and have the absolute control of the property when paid; and this cannot appear unless the promise be to pay to such third person. And certainly it does not appear in this case that Tuttle ever intended that Coit should have the possession or control of this property when he should come of age, although he might have intended that he should have the benefit of it. The discharge cannot be admitted in evidence.

<div align="right">Verdict for the plaintiff.</div>